[No. A033830. First Dist., Div. Five. May 6, 1987.]

SAN FRANCISCO FIRE FIGHTERS, LOCAL 798, INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, AFL-CIO et al., Plaintiffs and Appellants, v.
CIVIL SERVICE COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Defendants and Respondents.

COUNSEL

Duane W. Reno, Susanne L. Clerc and Davis, Reno & Courtney for Plaintiffs and Appellants.

Louise H. Renne, City Attorney, and Michael C. Killelea, Deputy City Attorney, for Defendants and Respondents.

OPINION

HANING, J.—Appellants San Francisco Fire Fighters Local 798, et al., appeal a judgment denying their petition for writ of mandate commanding respondents Civil Service Commission et al., to readjust appellants' salaries by revising the wage and salary surveys upon which the city charter requires such salaries to be based. Specifically, appellants sought to require respondents to include in their wage and salary surveys the employees' share of the required contributions to the Public Employees' Retirement System (PERS) which some governmental entities within the survey area pay on behalf of their employees. We conclude that the city charter does not permit the inclusion of such payments within the salary survey, and affirm.

The San Francisco Charter provides that appellants' salaries shall be determined by, and based upon, the prevailing wage of like positions in certain other defined communities. Pursuant to charter section 8.405, firefighters are paid the average of the maximum rates of compensation paid comparable firefighter classifications in all California cities with a population over 350,000. "Rates of compensation" is defined as "apply[ing] only to a basic amount of wages, with included range scales, and does not include such working benefits as might be set up by any other city by way of holidays, vacations, other permitted absences of any type whatsoever, overtime, night or split shift, or pay for specialized services within a classification or rank,

or other premium pay differentials of any type whatsoever. The foregoing enumeration is not exclusive, but it is the intent of this section that nothing other than a basic amount of wages, with included range scales, is to be included within the meaning of 'rates of compensation.' "

Under charter sections 8.401 and 8.407, the salaries of engineers and airport police are based upon generally prevailing wages for like service and working conditions in private employment or in certain other counties and communities within the San Francisco Bay Area. Charter section 8.407 further provides that the prevailing rates of wages "shall be defined as the rate ranges developed from the . . . basic pay rates, *excluding fringe benefits* . . . ." (Italics added.) "Basic pay rate" is "defined as applying only to the basic rate of wages, with included range scales, and does not include any other benefits of employment or working condition benefits."

In conducting their surveys on behalf of both classes of employees respondents do not consider retirement contributions to PERS made by the employer. Once a public agency contracts with PERS, two types of contributions are made to the retirement system: "normal" contributions, or those required to be paid by the employee (Gov. Code, § 20027), and those made by the employer (Gov. Code, § 20740 et seq.). The employer, on behalf of the employee, may also pay all or a part of the "normal" contributions (Gov. Code, § 20615), and some governmental entities do so. ██ ██ Appellants contend that the "normal" (employee) contributions paid by other governmental employers to PERS constitute a portion of the basic salary which must be taken into account by respondents in their salary surveys.

Resolution of the issue is governed by the charter. City charters are created and amended by the electorate. (Cal. Const., art. XI, § 3, subd. (a).) ██ The same rules of construction applicable to statutes enacted by the Legislature apply to those passed by the voters. (*In re Lance W.* (1985) 37 Cal.3d 873, 889 [210 Cal.Rptr. 631, 694 P.2d 744]; *Burger* v. *Employees' Retirement System* (1951) 101 Cal.App.2d 700, 702 [226 P.2d 38].) ██ " 'It is a general rule of statutory construction that the courts will interpret a measure adopted by vote of the people in such manner as to give effect to the intent of the voters adopting it. [Citation.] It must be held that the voters judged of the amendment they were adopting by the meaning apparent on its face according to the general use of the words employed.' " (*Kaiser* v. *Hopkins* (1936) 6 Cal.2d 537, 538 [58 P.2d 1278].) In determining the voters' intent, the courts look " '. . . first to the words themselves for the answer.' [Citation.] [They] are required to give effect to statutes 'according to the usual, ordinary import of the language employed in framing them.' [Citations.] ██ 'If possible, significance should be given to every word, phrase, sentence and

part of an act in pursuance of the legislative purpose.' [Citation.] . . . 'When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.' [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) Consideration may also be given to other statutes in pari materia, that is, those statutes relating to the same person or thing, or to the same class of persons or things. (*Isobe* v. *Unemployment Ins. Appeals Bd.* (1974) 12 Cal.3d 584, 590 [116 Cal.Rptr. 376, 526 P.2d 528]; *People* v. *Navarro* (1972) 7 Cal.3d 248, 273 [102 Cal.Rptr. 137, 497 P.2d 481].)

Charter section 8.405, subdivision (c), governing firefighters' compensation, states clearly that "[t]he expression 'rates of compensation' as used in this section, . . . is hereby declared to apply *only* to a basic amount of wages *. . . and does not include such working benefits as might be set up by any other city . . . . [I]t is the intent of this section that nothing other than a basic amount of wages,* with included range scales, *is to be included within the meaning of 'rates of compensation.'* [¶] *Working benefits and premium pay differentials of any type shall be allowed or paid to members of the fire department referred to herein only as is otherwise provided in this charter.*" (Italics added.) The section does not define "basic amount of wages" or "working benefits." ▮

However, section 8.405 must be construed with reference to the entire charter of which it is a part so that the various parts are kept in harmony. (*People* ex rel. *Younger* v. *Superior Court* (1976) 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) The charter "otherwise provide[s]" that in addition to their salary, respondents are obligated to pay firefighters for health care (§ 8.420), annual paid vacations (§ 8.440), overtime (§ 8.452), uniform replacement (§ 8.411), job-related injuries or illness (§ 8.516) and retirement (§§ 8.561-8.582). Since retirement benefits are "otherwise provided" for in the charter outside the salary guidelines in section 8.405, that section cannot reasonably be construed as including them within the meaning of "basic amount of wages" or "rates of compensation."

Section 8.407, dealing with wages for miscellaneous employees, defines "basic rate of wage" as excluding any benefit of employment. It also declares the voters' understanding of the phrase "benefit of employment": "[T]he qualified electors . . . expressly state that they understand that benefits of employment are sometimes referred to as 'fringe benefits' . . . ." ▮ The plain meaning of section 8.407 is that "basic rate of wage" does not include fringe benefits. "A conventional definition of [fringe benefit] generally means 'an employment benefit (as a pension, a paid holiday, or health insurance) granted by an employer that involves a money cost without affecting basic

wage rates.' " (*City and County of San Francisco* v. *Callanan* (1985) 169 Cal.App.3d 643, 648 [215 Cal.Rptr. 435], citing Webster's Third New Internat. Dict. (3d ed. 1961) p. 912.) The fact that some other communities may pay their employees' PERS contributions for them does not convert such payments into a "basic amount of wages" since the charter expressly provides that the "basic amount of wages . . . does not include such working benefits as might be set up by any other city."

Requiring employee retirement contributions paid by the employer to be included in the wage and salary surveys for miscellaneous employees would thwart the express provisions of the charter.

Affirmed.

Low, P. J., and King, J., concurred.

A petition for a rehearing was denied May 26, 1987, and appellants' petition for review by the Supreme Court was denied September 3, 1987. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.